IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21030
Summary Calendar

_____

INNOCENT OGUAGHA,

                                        Plaintiff-Appellant,

versus

RICHARD CRAVENER, INS District Director,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-3944
--------------------
June 4, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Innocent Oguagha appeals the district court's dismissal of

his various postjudgment motions which challenged the April 28,

1999, dismissal of his 42 U.S.C. § 1983 complaint for failure to

exhaust administrative remedies.  In the motions, Oguagha averred

that because he has now exhausted administrative remedies, the

district court's April 28 order of dismissal was error entitling

him to a new trial and judicial review of his 42 U.S.C. § 1983

claims.  Whether the motions are treated as motions under FED.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

R. CIV. P. 60(b), motions to amend, motions for new trial, or motions requesting habeas corpus relief, the district court did not err in denying the motions. At the time that Oguagha filed his 42 U.S.C. § 1983 complaint, the Board of Immigrations Appeals (BIA) had not ruled on Oguagha's appeal of the immigration judge's (IJ) finding of removability.

An order of deportation is not final until the BIA affirms an order of the IJ or until the time for seeking review from the BIA becomes final. See 8 U.S.C. § 1101(a)(47). A court cannot review the proceedings unless the alien has exhausted all administrative remedies. See 8 U.S.C. § 1252(d)(1). Because Oguagha had not exhausted his administrative remedies at the time that he filed his complaint, the district court did not err in dismissing the complaint for failure to exhaust. The fact that he has now exhausted his administrative remedies is of no moment. See Wendell v. Asher, 162 F.3d 887, 890-91 (5th Cir. 1998).

Oguagha's appeal from the district court's ruling is without merit and is thus frivolous. His appeal is DISMISSED on this basis. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Because Oguagha continues to challenge the April 28 dismissal for failure to exhaust administrative remedies, he is WARNED that any further challenges to the April 28 dismissal will invite the imposition of sanctions. All of Oguagha's pending motions in this court are DENIED.

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED; MOTIONS DENIED.